UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNETTA DAGGETT,

    Plaintiff,                                             Civil Action No. 14-CV-13368

vs.                                                    HON. BERNARD A. FRIEDMAN

PATRICK DONAHUE,
Postmaster General,

    Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS CERTAIN CLAIMS**

This matter is presently before the Court on defendant's motion to dismiss certain claims [docket entry 18]. Plaintiff has filed a response. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

This is an employment discrimination case. Plaintiff, who is African American, alleges that she was discharged from her job as a mail processor after filing a complaint with the Equal Employment Opportunity Commission ("EEOC") regarding allegedly unfair treatment by a white supervisor, in violation of Title VII of the 1964 Civil Rights Act. She apparently intends to assert claims for

> Racial Discrimination, Retaliation, Hostile Work Environment, Denial of Due Process, Violations in Collective Bargaining Agreement, Disparate Treatment, Failure to Follow Policies and Procedures, Inconsistent Reasoning, Failure to Investigate Internal Complaint/Remedy, Misinformation about EEOC process, Issuing a Biased Final Agency Decision, Delaying Justice, Wrongful Termination, Defamation, Harassment, Due to my protected activity.

Compl. at 1. For relief, plaintiff seeks reinstatement, back pay, $1.5 million in compensatory damages, $1.5 million in punitive damages, and "injunctive relief."

Defendant seeks dismissal of all of plaintiff's claims, except her claim for retaliation, for lack of jurisdiction or for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Defendant notes that plaintiff asserted only a retaliation claim in her EEOC complaint and argues that she has therefore not exhausted her administrative remedies as to any other employment-related claims. Defendant also argues that plaintiff's defamation claim is barred by the Federal Tort Claims Act, which specifically exempts this tort, and that her remaining claims are not sufficiently alleged under the pleading standards of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

Plaintiff's one-paragraph response to defendant's motion is that

> [i]n December 2012 I filed a retaliation claim against the agency because I had a pending EEOC case. For that reason my claim should have been taken serious. I participated in mediation for both cases. It became clear from the beginning that no one in the agency wanted to listen or investigate my claim. I was treated differently for complaining. Because I am pro se I do not want to be a burden to the court and I want a resolution but I also want Justice for the way I was treated. I am asking the court to not dismiss the Hostile Work Environment, Disparate Treatment, Harassment and Racial Discrimination Claims.

Pl.'s Resp. at 3.

Plaintiff has not addressed any of the arguments raised in defendant's motion. Although pro se complaints are treated more leniently than those drafted by lawyers, *see, e.g., Haines v. Kerner*, 404 U.S. 519 (1972), all litigants must still follow the applicable court rules. *See Brock v. Hendershott*, 840 F.2d 339 (6th Cir.1988); *Evans v. Mercedes Benz Fin. Servs., LLC*, 2011 WL 2936198, at *2 (E.D. Mich. Jul. 21, 2011) ("a pro se plaintiff must comply with basic pleading requirements . . . [m]eaning, a plaintiff still must allege a set of facts that would establish the material elements of a claim").

By failing to respond to defendant's arguments, plaintiff concedes that there is no response to be made. The Court has independently reviewed the complaint and finds merit in all of defendant's arguments. Plaintiff's employment-related claims for hostile work environment, disparate treatment, harassment, and race discrimination are barred because they were not first presented to the EEOC. The defamation claim is barred by sovereign immunity. And all claims, except the retaliation claim that was presented to the EEOC, fail because they are not sufficiently alleged under *Iqbal* and *Twombly*. Accordingly,

IT IS ORDERED that defendant's motion for partial dismissal is granted. All of plaintiff's claims are dismissed except her claim that defendant retaliated against her for filing an EEOC complaint.

Dated: March 3, 2015               s/Bernard A. Friedman
                                   BERNARD A. FRIEDMAN
                                   SENIOR UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on March 3, 2015, electronically and/or by U.S. Mail.

                                   s/Michael Williams
                                   Substitute Case Manager
                                   For Senior U.S. District Judge Bernard A. Friedman