UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNETTA DAGGETT,

    Plaintiff,                                         Civil Action No. 14-CV-13368

vs.                                                HON. BERNARD A. FRIEDMAN

PATRICK DONAHOE,

    Defendant.

_____/

## OPINION AND ORDER GRANTING
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter is presently before the Court on defendant's motion for summary judgment [docket entry 34]. Plaintiff has filed a response in opposition. Pursuant to E.D. Mich. 7.1(f)(2), the Court shall decide this motion without a hearing.

This is a pro se Title VII employment discrimination action. In her complaint plaintiff alleges that defendant discharged her based on her race and color and in "retaliation." Compl. (preprinted form) ¶ 10. In her typed complaint, which is attached to the preprinted form, plaintiff indicated she intended to assert a long list of claims, *see* Compl. at 1 (typed complaint, paragraph entitled COMPLAINT), but the Court has dismissed "[a]ll of plaintiff's claims . . . except her claim that defendant retaliated against her for filing an EEOC complaint" [docket entry 22]. This claim, as presented in her April 8, 2013, EEO Complaint of Discrimination in the Postal Service, alleged in its entirety as follows:

> On March 2012 I received last chance removal. I did not file a complaint because I thought in May it had been thrown out. I heard nothing from union and I believe the postal service purposely waited to put me out the building so I could not file it with my discrimination case. The union also failed to keep me informed til this day. I also want to add that the union withdrew me from

> arbitration so on April 3, 2013 I was terminated from the postal service. Yes I received a last chance letter of removal but it was untimely. The union did not contact me and let me know anything. I found out Step 2 was denied December 2, 2013 [sic: 2012], the last day I worked per the Postal Service. The letter of removal is not even signed by my immediate supervisor and the AWOL on the letter is a lie. I did call in and I have the confirmation from Postal [illegible]. I think I also got screwed when the union allowed someone who was retiring to represent me.

Def.'s Ex. 21 (Case No. IJ-482-0006-13). The dates plaintiff alleged she was retaliated against were February 17, 2012; March 2012; and December 2, 2012. *Id.* The only reference to retaliation in that EEOC charge is plaintiff's "x" in the box labeled "Retaliation (Specify Prior EEO Activity)." *Id.*[1]

The allegations in the instant complaint regarding retaliation for past EEO activity are similarly amorphous. Plaintiff alleges, in relevant part, that on February 14, 2012, two of her supervisors, Michelle Bezel and Reji Thomas, questioned her about "unauthorized overtime" and accused her of stealing[2]; that she filed an EEOC complaint alleging race discrimination about this incident because "I was the only black employee that was written up" for "doing overtime"; that after this incident "everything I did was under heightened scrutiny"; that in March 2012 she received a "suspicious letter" (notice of removal) from the Postal Service, notifying her she was being

---

[1] This charge was eventually denied by the EEOC in a written decision dated May 30, 2014, which affirmed the Postal Service's final decision dated November 20, 2013. Plaintiff attached a copy of the EEOC's decision to her complaint. *See also* Def.'s Ex. 22. In short, the EEOC found that plaintiff failed to demonstrate that defendant's proffered reason for discharging her – i.e., excessive absenteeism – was a pretext for discrimination.

[2] Defendant's Ex. 2 is a February 16, 2012, Letter of Warning issued by Reji Thomas, charging plaintiff with "failure to follow instructions/unauthorized overtime." This letter indicates that on February 12, 2012, a "pre-disciplinary interview" was held with plaintiff, Thomas, and a union steward. Plaintiff acknowledged receipt of the letter on February 17, 2012.

discharged[3]; that in December 2012 she was told by a supervisor "to leave the building"; and that immediately after being discharged she "filed a retaliation charge" with the EEOC." Compl. (typed complaint) ¶¶ 5-7, 13-14. It is this charge, No. IJ-482-0006-13, that underlies the instant action.

In a Title VII employment discrimination action, the scope of the claim is defined by the allegations in the EEO complaint. The rule has been explained by the court of appeals as follows:

> A charge of discrimination is sufficient if it contains "a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of." 29 C.F.R. § 1601.12(b), 63 FR 36128. The purpose of filing a charge of discrimination is to trigger the investigatory and conciliatory procedures of the EEOC so that the Commission may first attempt to obtain voluntary compliance with the law. *See EEOC v. The Bailey Co., Inc.*, 563 F.2d 439, 447 (6th Cir.1977)(citing *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir.1970)), *cert. denied*, 435 U.S. 915, 98 S.Ct. 1468, 55 L.Ed.2d 506 (1978). These investigatory and conciliatory procedures notify potential defendants of the nature of plaintiffs' claims and provide them the opportunity to settle the claims before the EEOC rather than litigate them.
>
> Courts have expanded upon the charge filing requirement, however, to provide that a party's discrimination claim in the District

---

[3] A copy of the March 27, 2012, Notice of Removal is attached to defendant's motion as Ex. 14. It indicates that plaintiff was being discharged for absenteeism, in violation of attendance regulations and a "last chance agreement" entered into between plaintiff and the Postal Service in September 2010. The Notice of Removal detailed 95.62 hours of unscheduled absences from September 2011 to March 2012. Plaintiff contested her discharge through the grievance process, but her grievance was unsuccessful, as the arbitrator found that plaintiff "was Absent from work on the days charged [and] . . . per the very specific language in the [last chance agreement], the penalty for a violation would be removal from the Postal Service." *See* Def.'s Ex. 17, p. 2.

A copy of the last chance agreement, dated September 14, 2010, is attached to defendant's motion as Ex. 6. This agreement, which gave plaintiff "one final opportunity" to abide by attendance rules, was to remain in effect for two years. *Id.* ¶ 6. The agreement would be "considered breached if the employee incurs more than four (4) unscheduled absences[] in any 6 month period" or if she had "any incident of AWOL." *Id.* ¶ 9(d), (e).

> Court may include claims "limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination." *EEOC v. McCall Printing Corp.*, 633 F.2d 1232, 1235 (6th Cir.1980); *Bailey*, 563 F.2d at 446. One reason for the expanded rule is that charges are frequently filed by lay complainants, and the courts recognize that subsequent actions should not be restricted by the failure of a complainant to attach the correct legal conclusion to the EEOC claim, conform to procedural technicalities, or include "the exact wording which might be required in a judicial pleading." *Bailey*, 563 F.2d at 447; *see McCall Printing*, 633 F.2d at 1235. This expanded rule does not mean, however, that plaintiffs are excused from filing charges on a particular discrimination claim before suing in federal court.

*Davis v. Sodexho, Cumberland Coll. Cafeteria*, 157 F.3d 460, 463 (6th Cir. 1998).

In the present case, the only "EEO activity" plaintiff mentioned in her EEOC charge or in the instant complaint is the race discrimination charge she filed (No. IJ-482-0009–12) concerning the February 14, 2012, incident with Bezel and Thomas.[4] The clear gist of the EEO charge underlying the instant action (No. IJ-482-0006-13) was that the union had not represented plaintiff properly in protesting her termination and that her discharge letter was untimely, not signed, and based on a "lie" regarding her having been absent without leave. Plaintiff did not allege in this charge what she is claiming in the instant lawsuit, namely, that she was served with the Notice of Removal and eventually discharged in retaliation for filing the prior race discrimination EEOC charge (No. IJ-482-0009–12). Under these circumstances, it is doubtful whether plaintiff exhausted

---

[4] Plaintiff filed this EEO complaint (No. IJ-482-0009-12) on May 23, 2012. A copy of the "final agency decision," dated March 12, 2013, denying that complaint is attached to defendant's summary judgment motion as Exhibit 25. The final agency decision indicates that plaintiff alleged defendant discriminated against her based on her race and color when plaintiff was issued a letter of warning on February 17, 2012, "for Failure to Follow Instructions/ Unauthorized Overtime." The final agency decision dismissed the complaint as moot because the letter of warning had been removed from plaintiff's file "as a result of a Step II Settlement dated September 6, 2012." The complaint was also denied on the merits. Apparently plaintiff did not pursue this case beyond the final agency decision stage.

her administrative remedies as to the claim she seeks to assert in the present case. The Court notes, however, that plaintiff did allege on a form entitled "Information for Pre-Complaint Counseling," which she dated January 2, 2013, and mailed to the Postal Service's EEO Contact Center, that the prior EEO activity she alleges as the basis for her retaliation claim is the charge she filed on February 17, 2012. *See* Def.'s Ex. 8, p. 1. This form was assigned Case No. IJ-482-0006-13. As this is the same case number of plaintiff's March 18, 2013, EEO complaint (Def.'s Ex. 21), the Court shall assume for present purposes that plaintiff alleged in her EEOC charge, and in the instant complaint, that defendant discharged her in retaliation for filing a race discrimination charge in March 2012 concerning the February 2012 incident with Bezel and Thomas.

Even giving plaintiff the benefit of this assumption, the Court concludes that plaintiff has failed to show there is a triable issue of fact as to whether defendant's stated reason for discharging her was a pretext for unlawful retaliation. As noted, the parties entered into a "last chance agreement" in September 2010 to settle an earlier "removal action" regarding plaintiff's attendance problems. Under the terms of this agreement, a copy of which is attached to defendant's motion as Ex. 6, plaintiff acknowledged that defendant had just cause to remove her for failing to abide by attendance regulations, and that the settlement agreement "constitutes grievant's Last Chance to retain her Postal employment." *Id.* ¶ 1. Plaintiff further agreed that she would be removed from service if she breached any of the provisions of the agreement. *Id.* ¶ 5. Among other things, items which would constitute a breach of the agreement included plaintiff incurring more than four unscheduled absences during any six-month period and incurring any absences without leave. *Id.* ¶ 9(d), (e).

Defendant has shown that plaintiff incurred many more than four unscheduled

absences during the six-month period from September 14, 2011, to March 18, 2012, and one "AWOL" on February 6, 2012. These absences are listed in the March 27, 2012, Notice of Removal, which stated that plaintiff was being removed because these absences violated the last chance agreement. *See* Def.'s Ex. 14. The absences are also documented in defendant's many "notifications of absence." Def.'s Ex. 9. Defendant has also submitted an affidavit from plaintiff's supervisor, Charles Minter, who avers that he signed the Notice of Removal "because Ms. Daggett had poor attendance and violated her last chance agreement" and for no other reason. Minter Decl. ¶¶ 6, 13. Minter notes that plaintiff had 95.62 hours of unscheduled absences (25 total unscheduled absences) between September 14, 2011, and March 18, 2012. *Id.* ¶ 9. Richelle Jones, who signed the Notice of Removal as the "reviewing authority," likewise avers that plaintiff was discharged "solely for violating the last chance agreement." Jones Decl. ¶ 9.

Even assuming plaintiff had stated a prima facie case of retaliation, defendant has presented a legitimate, nondiscriminatory reason (absenteeism in violation of the last chance agreement) for discharging plaintiff. In response, plaintiff has submitted no evidence from which a reasonable jury could find that this reason was pretextual. To show a genuine issue as to pretext, plaintiff must submit evidence demonstrating that "the proffered reasons (1) had no basis in fact, (2) did not actually motivate the employer's action, or (3) were insufficient to motivate the employer's action." *Harris v. Metro. Gov't of Nashville & Davidson Cty., Tenn.*, 594 F.3d 476, 486 (6th Cir. 2010). Further, "defendant's proffered reason cannot be proved to be a pretext 'unless it is shown both that the reason was false, and that discrimination [or retaliation] was the real reason.'" *Id.*, (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993)). Plaintiff has offered no evidence from which a jury could find that she did not violate the last chance agreement with

6

excessive absenteeism, or that her absenteeism did not (or was insufficient to) motivate defendant to discharge her. Nor has she offered any evidence from which a jury could find that defendant's discharge decision was motivated, even in part, by the fact that she had filed a prior EEO complaint regarding the February 2012 incident. Plaintiff's response to defendant's motion boils down to criticism of defendant and her union regarding the grievance process, criticism of the EEOC for failing to investigate to plaintiff's satisfaction, and speculation that her past EEOC complaint must have motivated the discharge decision. Plaintiff also argues that she could not have been discharged in December 2012 for violating the last chance agreement, which expired in September 2012, but she does not address the many specific, documented instances of unscheduled absences that occurred while the last chance agreement was in place.

In short, defendant is entitled to summary judgment because, on this record, no reasonable jury could find in plaintiff's favor on the pretext issue. That is to say, a reasonable jury would be compelled to find that defendant discharged plaintiff for excessive absenteeism in violation of the last change agreement, and not because plaintiff engaged in prior EEO activity. Accordingly,

IT IS ORDERED that defendant's motion for summary judgment is granted.

S/Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: February 5, 2016
      Detroit, Michigan